UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br>Vs<br>JAMES JENKINS,<br><br>Defendant. | No: 4:25-mj-68<br><br>**AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT** |

I, Special Agent Derek Malone, being first duly sworn, hereby depose and state as follows:

## I.   INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent ("SA") with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), currently assigned to the Sioux Falls Field Office. I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center ("FLETC"). I have also completed ATF Special Agent Basic Training course. While attending the academies at FLETC in Glynco, Georgia, I received specialized training concerning violations of the Gun Control Act (GCA) within Title 18 of the United States Code and violations of the National Firearms Act (NFA) within Title 26 of the United States Code. As such, I am an investigative or law enforcement officer of the United States, within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations and make arrests for offenses enumerated by 18 U.S.C. § 2516. Your Affiant is involved in the investigation of a suspected violation of Federal laws by James JENKINS, who, being a prohibited person, did possess a firearm.

## II.   DESCRIPTION

2. This Affidavit is submitted in support of a Criminal Complaint requested for James JENKINS, charging JENKINS with Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). The statements in this Affidavit pertain to the investigation described below and are based in part on information provided by my own observations and experience as an ATF Special Agent, and the observation and experiences of other fellow law enforcement officers participating in the investigation. This Affidavit does not

purport to contain all the facts related to this investigation, but only those facts necessary to establish probable cause with respect to the aforementioned offense.

### III.    PROBABLE CAUSE

3.     On March 18, 2025, officers with the Mitchell Police Department (MPD) received information from South Dakota Division of Criminal Investigation (SDDCI) Special Agent (SA) Joshua Twedt, that JENKINS was currently in Mitchell, SD, and was in possession of a firearm. SA Twedt further provided that JENKINS had made suicidal statements. After being provided with this information, MPD began to search for JENKINS. Officers located JENKINS walking east bound near the intersection of 1st Ave and Duff St in Mitchell, SD. JENKINS was carrying a black backpack on his back, and a pink backpack on the front of his person

4.     MPD Police officers made contact with JENKINS. Officers requested JENKINS put down both his backpacks. JENKINS dropped both backpacks and immediately began running from officers. Officers were able to catch JENKINS and placed him in handcuffs. Officers were able to secure both backpacks JENKINS had on his person. Inside JENKINS' black backpack officers located a firearm, later identified as a Just Right, model JR carbine, 9mm caliber pistol, bearing serial number JRCV071399. The firearm had an extended pistol magazine inserted into it and one round in the chamber. Several other assorted loose 9mm ammunition was located in JENKINS' black backpack.

5.     MPD Police Officers placed JENKINS under arrest for Possession of a Firearm by a Convicted Felon, Possession of a Firearm with a Domestic Violence Conviction, Obstruction, Possession of a Controlled Substance, Possession of Drug Paraphernalia, and Possession of Marijuana. A mental hold was later placed on JENKINS (as a result JENKINS is currently housed at the Human Services Center in Yankton, SD).

6.     During a search of his person, officers located a glass pipe with residue that field tested positive for methamphetamine. Officers also located suspected marijuana, and a marijuana pipe containing burnt marijuana residue. JENKINS was later transferred to the Davison County Jail. While being searched at the jail a small plastic baggie was found on JENKINS. The baggie had what appeared to be a light brown residue in it; JENKINS voluntarily stated that the substance was methamphetamine. While being processed into the Davison County Jail, JENKINS told jail staff that he had stolen the firearm found in his backpack identified as a Just Right, model JR carbine, 9mm caliber pistol, bearing serial number JRCV071399, from 1401 6th St, Sioux Falls, SD.

7. I reviewed JENKINS' criminal history which showed a felony conviction for a drive by shooting on July 26, 2010, Maricopa County, AZ. It further showed JENKINS was convicted of Possession of a Weapon by a Prohibited Person on July 28, 2020, in Pima County, AZ. Therefore, JENKINS is prohibited from possessing and or receiving firearms.

8. The information relating to the firearms recovered in this investigation was provided to an ATF Firearms Interstate Nexus Expert; specifically, information relating to the Just Right, model JR carbine, 9mm caliber pistol, bearing serial number JRCV071399. It was determined that the firearm identified above was not manufactured in the State of South Dakota; therefore, traveled in and/or affected interstate commerce.

9. On March 19, 2025, at approximately 2:55PM, SDDCI SA Josh Twedt responded to the Davison County Jail in an attempt to interview James JENKINS. JENKINS was read his Miranda Rights and agreed to speak with SA Twedt.

10. During the interview, JENKINS discussed the backpack recovered by the Mitchell Police Department, which contained the firearm, ammunition, suspected drugs and paraphernalia. JENKINS said the firearm in the backpack was in his possession before, but he had traded the firearm to someone to pay a debt. JENKINS went on to say that the gun was originally given to him by Tyler SILVERIA to use or attempt to recover SILVERIA's stolen guns. SILVERIA gave the gun to JENKINS after learning that Raymond CONTRERAS "AKA Ramone" had stolen multiple firearms from SILVERIA.

11. JENKINS stated that he is a Blood gang member. He stated he was going to "start knocking off dealers that cut shit with fentanyl". He said that was his plan, to "start knocking them off".

12. JENKINS said that "I don't care" and "I want to die". He stated that if law enforcement did not help him it was going to cause him to get "fucked off and dead". He said, "I'm going to try and kill some people at the same time". He said if he goes to prison, he is dead. He again stated that he is a Blood gang member and if you are (a Blood), you have to have the balls to kill someone. He said if he is in prison when is ill mother dies, he is going to kill every guard and inmate he can and there is "nothing you can do to stop me".

### IV.   CONCLUSION

13. Based on the aforementioned, I believe that there is probable cause to show James JENKINS violated of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon on March 18, 2025, while in the Davison County, in the State and District of South Dakota.

14. I swear that these facts presented herein are true and accurate to the best of my knowledge.

                                                                                             _____
Derek Malone, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to telephonically this 21 day of March, 2025.

                                                                                             _____
VERONICA L. DUFFY
United States Magistrate Judge

[4]